HOLLENBECK,
*Appellant,*

*v.*

WEYERHAEUSER COMPANY et al,
*Respondents.*

(16-85-04864; CA A41504)

742 P2d 646

Kay Kiner James, Eugene, argued the cause for appellant. With her on the briefs were Stanton F. Long and Harrang, Long, Watkinson & Arnold, P.C., Eugene.

I. Franklin Hunsaker, Portland, argued the cause for respondent BPS Services, Inc., dba Burns International Security Services. With him on the brief were James D. Hibbard, Thomas D. Adams and Bullivant, Houser, Bailey, Pendergrass & Hoffman, Portland.

No appearance for respondent Weyerhaeuser Company.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

In this personal injury action, plaintiff appeals and assigns as error a summary judgment for defendant BPS Guard Services, Inc. (defendant).[1]

In 1982, defendant and Weyerhaeuser Company (Weyerhaeuser) entered into a contract under which defendant contracted to provide security services to Weyerhaeuser. The relevant contractual provisions are:

"Contractor agrees to furnish security personnel and other miscellaneous items on the following terms and conditions for the period from February 1, 1982 to February 28, 1984:

"* * * * *

*"Job Descriptions*

"Job descriptions must be written by Contractor for each post location, and approved by the Owner's Security Manager.

"* * * * *

*"Supervision*

"The responsibility for competent supervision of Contractor personnel lies with the Contractor and a supervisor must be on duty or available at all times.

"The number of supervisors and their assignments will be approved by Owner's Security Manager.

"* * * * *

*"Familiarity with Owner's Premises*

"Owner's premises are used for industrial operations and maintained only to standards required for such use. Contractor agrees to become familiar with Owner's premises and operations and to take all reasonable precautions to avoid injury or property damage to Owner, Contractor, and third parties, and to employees, representatives, or contractors of any of them."

Outside the main plant Weyerhaeuser owns and operates a railroad which intersects public roads. In November, 1983, a train derailed and blocked four public railroad crossings. The train crew notified Weyerhaeuser of an emergency and requested assistance. Several of Weyerhaeuser's employes and

---

[1] Although plaintiff brought this action against Weyerhaeuser Company and BPS Guard Services, Inc., the trial court entered a judgment under ORCP 67B in favor of BPS.

one of defendant's guards were dispatched to control traffic at the most heavily travelled crossings, but none of them guarded the crossing at Hayden Bridge Road. Plaintiff was injured when his car collided with the derailed train at that crossing about an hour after the derailment. When Weyerhaeuser learned about plaintiff's accident, it directed one of defendant's employes to the crossing.

Plaintiff relies on *Restatement (Second) Torts,* § 324A[2] and argues that defendant, by entering into the contract with Weyerhaeuser, assumed a contractual duty of care to the public and that it is liable for not performing that duty. He concedes that defendant could not be liable in the absence of the contract and that defendant's tort liability is coextensive with its duty under the contract. Defendant contends that the contract was not intended to benefit third parties, that it did not provide for security services outside the Weyerhaeuser plant and that defendant's employes were to act only under Weyerhaeuser's direction. It argues that it had no duty of care to any member of the public.

Defendant's duty to prevent harm to third persons, if any, was created by its contract with Weyerhaeuser. Unless the contract unambiguously defines defendant's duty, the nature of its duty is a question of fact. Because it entered judgment for defendant on the summary judgment motion, the trial court necessarily concluded that the contract was not ambiguous and that, as a matter of law, it could not be read to create any duty in defendant to prevent plaintiff's harm. We do not agree with that conclusion.

There are at least three ambiguities in the contract. First, we cannot ascertain from the contractual description of defendant's duty "to take all reasonable precautions to avoid

---

[2] *Restatement (Second) Torts* § 324A provides:

"One who undertakes, gratuitously or for consideration, to render services to another, which he should recognize as necessary for the protection of a third person or his things, is subject to liability to the third person for physical harm resulting from his failure to exercise reasonable care to protect his undertaking, if:

"(a) His failure to exercise reasonable care increases the risk of such harm, or

"(b) He has undertaken to perform a duty owed by the other to the third person, or

"(c) The harm was suffered because of reliance of the other or the third person upon the undertaking."

injury * * * to third persons" whether the parties intended defendant to assume a duty to prevent harm to the public or merely to avoid injurious negligent conduct when performing its other contractual duties. Second, the contract does not specify whether defendant must initiate safety precautions, particularly whether it is to decide where and when to act, or rather is to act only when directed to do so by Weyerhaeuser.[3] Third, it is undisputed that defendant agreed to provide security services inside the Weyerhaeuser plant; it is unclear from the contract, however, whether the parties intended defendant to extend its services to all of Weyerhaeuser's "premises" regardless of their location. The term "premises" is ambiguous. Both parties point to extrinsic evidence of defendant's prior conduct under the contract. The evidence might be helpful to a trier of fact; however, it does not eliminate the questions of fact for purposes of a summary judgment.

We conclude that the contract is ambiguous and does not by its terms preclude a construction consistent with plaintiff's theory. Therefore, the summary judgment was improperly granted.

Reversed and remanded.

---

[3] Assuming that defendant was to act only under Weyerhaueser's directions, there is also a question of what directions Weyerhaeuser gave in this particular case.